# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON ROBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:15-cv-1221-WTL-MPB |
| | ) 1:12-cr-46-WTL-KPF-1 |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON MOTION TO VACATE SENTENCE

This cause is before the Court on Robbins' motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1); 1:12-cr-46-WTL-KPF-1 (Dkt. No. 34). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

## I. BACKGROUND

In 2012, Robbins pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and being a felon in possession under 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count Three). The plea agreement, entered into by the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), provided for a 202 month term of imprisonment on Counts One and Three, to be served concurrently, and a consecutive sixty month term of imprisonment on Count Two.

Two of the three predicate violent felonies giving rise to Robbins' status under the Armed Career Criminal Act ("ACCA") were convictions for resisting law enforcement. The plea included an appeal waiver in which Robbins agreed not to attack his sentence pursuant to

28 U.S.C. § 2255. The Court accepted the plea and sentenced Robbins to a term of imprisonment of 202 months.

In 2015, Robbins filed a pro se motion challenging his sentence, arguing that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he had been improperly sentenced under the ACCA. Robbins' two prior convictions for resisting law enforcement for fleeing in a vehicle had been determined to be predicate offenses under the residual clause, which the Supreme Court ruled is unconstitutionally vague.

The Court appointed Sara Varner from the Indiana Federal Community Defenders to represent Robbins. The parties entered a stipulation in which they agreed that Robbins was entitled to relief on Count Three, as the sentence imposed exceeded the statutory maximum penalty of ten years incarceration, and that Robbins should receive a sentence of 120 months on this count. The parties further agreed that under *Beckles v. United States*, 137 S. Ct. 886 (2017), Robbins' sentences on Counts One and Two were unaffected. Accordingly, the parties asked the Court to grant Robbins' § 2255 motion and resentence him to a term of 120 months imprisonment on Count Three.

A few weeks after the stipulation was filed, Varner filed a motion to stay imposition of the final judgment, indicating that Robbins had contacted her and that she needed additional time to discuss the case with him. Varner moved to withdraw, and Robbins also filed a motion to excuse appointed counsel and proceed pro se. Robbins also moved to withdraw the stipulation. Further briefing followed. Robbins filed a motion to appoint counsel, which the Court granted, and, following a status conference, the Court ordered additional briefing.

## II.     DISCUSSION

First, Robbins asks the Court to grant his motion to withdraw the stipulation (Dkt. No. 30). "Once made, a stipulation is binding unless relief from the stipulation is necessary to avoid 'manifest injustice' or the stipulation was entered into through inadvertence or based on an erroneous view of the facts or law." *United States v. Wingate*, 128 F.3d 1157, 1160 (7th Cir. 1997) (quotation and citation omitted). Robbins has submitted an affidavit from Varner that provides, in relevant part:

> I have since learned that my advice was based upon a misunderstanding of how relief on count three may allow this Court [to] unbundle the sentence package and impose a new sentence on count one as well. Had I understood more at that time regarding the sentence package doctrine, I would not have advised Mr. Robbins to stipulate to a resolution of his petition that lowered his sentence as to count three but left his sentence unchanged as to count one.

Dkt. No. 68. Given that the stipulation was based on an erroneous view of the law, the Court **GRANTS** Robbins' motion to withdraw it (Dkt. No. 30).

The parties agree that Robbins is no longer ACCA eligible and thus must be resentenced. Robbins argues that he should be resentenced on all counts, while the Government acknowledges that the Court has the authority to unbundle Robbins' sentence but urges the Court not to do so. When a petitioner attacks the validity of one of the counts of conviction, the district court can unbundle the sentencing package. *United States v. Binford*, 108 F.3d 723, 728 (7th Cir. 1997). "If a multicount sentence is a package . . . then severing part of the total sentence usually will unbundle it. And we do not think it matters what means are used to bring resentencing proceedings before the district court. Under the sentencing package concept, when a defendant raises a sentencing issue he attacks the bottom line." *United States v. Smith*, 103 F.3d 531, 534 (7th Cir. 1996). Here, the sentences were interdependent on each other as part of the (C)(1)(c)

plea. Accordingly, the Court finds that unbundling the sentencing package and resentencing Robbins on all counts is appropriate.

At Robbins' resentencing, the Court will apply the guidelines in effect at the time of the resentencing. Under 18 U.S.C. § 3553(a), courts are to consider the Guidelines in effect on the date of the defendant's sentencing "except as provided in section 3742(g)," which governs sentencing upon remand. 18 U.S.C. § 3553(a)(4)(A)(ii). Section 3742(g) provides, in relevant part:

> (g) Sentencing upon remand – A district court to which a case is remanded pursuant to subsection (f)(1) . . . shall resentence a defendant in accordance with sections 3553 and with such instructions as may have been given by the court of appeals, except that –
>
> (1) In determining the range referred to in subsection 3553(a)(4), the court shall apply the guidelines issued by the Sentencing Commission … and that were in effect on the date of the previous sentencing of the defendant prior to the appeal, together with any amendments thereto by any act of Congress that was in effect on such date

18 U.S.C. § 3742(g)(1). Subsection 3742(f)(1) provides:

> (f) Decisions and Disposition. – If the court of appeals determines that –
> (1) the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate, subject to subsection (g).

18 U.S.C. § 3742(f)(1). Read together, Sections 3553(a) and 3742(g) thus require district courts to apply the Guidelines in effect at the time of a defendant's sentencing except when resentencing a defendant following a remand ordered by a court of appeals—which is not the situation here. As such, the Court will apply the Guidelines in effect at the time that Robbins is resentenced.

### III.  CONCLUSION

Robbins' motion for relief pursuant to 28 U.S.C. § 2255 (Dkt. No. 1); 1:12-cr-46-WTL-KPF-1 (Dkt. No. 34) is **GRANTED**. The sentence imposed in No. 1:12-cr-46-WTL-KPF-1 is vacated**.** A resentencing hearing will be set in the criminal case. In light of this ruling, Dkt. No. 29 is **DENIED AS MOOT**.

SO ORDERED: 9/5/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.