UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:12-cr-00046-JPH-MJD ) |
| AARON ROBBINS, | ) -01 ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Aaron Robbins's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), dkt. 57, and his previously filed Motion for Compassionate Release, dkt. 50. Mr. Robbins seeks immediate release. Because Mr. Robbins has not shown extraordinary and compelling reasons for a sentence reduction, his motions are **DENIED**.[1]

**I.   Background**

In 2012, the Court sentenced Mr. Robbins to a total of 262 months' imprisonment. Dkt. 29. In 2018, that sentence was vacated. Dkt. 35. In May 2019, the Court re-sentenced Mr. Robbins and entered an amended judgment sentencing him to a total of 160 months' imprisonment. Dkt. 47. According to the Bureau of Prisons ("BOP"), Mr. Robbins is currently scheduled to be released on June 12, 2023. *See* https://www.bop.gov/inmateloc/ (last visited Aug. 4, 2020).

---

[1] In his first motion, dkt. 50, Mr. Robbins asked the Court to appoint counsel to represent him. The Court has reviewed both of Mr. Robbins's motions, dkts. 50, 57, and concludes that the interests of justice do not support appointing counsel to represent Mr. Robbins.

On June 12, 2020, Mr. Robbins filed a pro se motion that the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 50. The Court directed the parties to file notices addressing whether Mr. Robbins had exhausted his administrative remedies. Dkt. 53. After the United States conceded that Mr. Robbins had exhausted his administrative remedies, *see* dkt. 56, the Court concluded that Mr. Robbins's motion lacked sufficient information for the Court to determine that Mr. Robbins was entitled to compassionate release, *see* dkt. 56. The Court directed Mr. Robbins to supplement his motion by completing and returning the Court's form compassionate release motion. *Id.* On August 3, 2020, Mr. Robbins submitted a renewed motion by completing and returning the Court's form compassionate release motion. Dkt. 57. The Court considers the renewed motion with Mr. Robbins's original motion (filed on June 12, 2020).[2]

## II. Applicable Law

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the BOP could file a motion for compassionate release. Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment),

---

[2] The Court concludes that it does not require a response brief from the United States to decide the issues presented by Mr. Robbins's motions.

2

>after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* In response, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the question of whether a requested sentence reduction is consistent with the applicable policy statements, Section 1B1.13 refers to a reduction "upon the motion of the Bureau of Prisons." It has not been updated since the First Step Act amended § 3582(c)(1)(A) to permit a defendant to file a motion for compassionate release. As a result, this Court has concluded that the policy statement in Section 1B1.13 is not directly applicable to a defendant's motion for compassionate release. *See United States v. Kirschner*, No. 1:10-cr-203-JPH-MJD, 2020 WL 4004059, at *4 (S.D. Ind. July 15, 2020). It has also concluded that the text and structure of

§ 3582(c)(1) support the conclusion that the Court can determine whether extraordinary and compelling reasons other than those specifically enumerated in Section 1B.13 cmt. n.1(A)–(C) warrant compassionate release. *Id.* Nonetheless, this Court has also concluded that it should consider Section 1B1.13 for guidance in evaluating whether the facts constitute extraordinary and compelling reasons to modify a sentence under 18 U.S.C. § 3582(c)(1)(A). *Id.*

### III. Discussion

Mr. Robbins is 39 years old. He is now incarcerated at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"). As of August 4, 2020, the BOP reports that FCI Terre Haute has zero active COVID-19 cases among its inmates and staff and that one inmate and two staff members have recovered from COVID-19 infections. *See* https://www.bop.gov/coronavirus/ (last visited Aug. 4, 2020).

In his renewed motion, Defendant states that he is seeking compassionate release because of the threat of the COVID-19 pandemic. Dkt. 57 at 2. He explains that the BOP has not been able to control the virus, noting that there have been over 100 deaths in the BOP. *Id.* at 4. He contends that the BOP lacks sufficient medical services. *Id.* He does not, however, base his motion on any medical diagnosis, *id.* at 5 (writing "N/A" when asked to list any medical diagnoses that are the basis of his motion), and the record includes no information suggesting that Mr. Robbins has a condition that would put him at risk of developing severe symptoms if he were to contract COVID-19, *see* dkt. 41 at 16 (November 2018 Presentence Investigation Report) (stating that Mr. Robbins believed he was in fairly good health, was not experiencing any problems that would require special medical attention, and was not currently under the care of a physician or taking prescribed medication). In his renewed motion and his original motion, he also explains that he is a good

4

candidate for a sentence reduction because he has an exemplary prison record and has completed all programming required of him by his Unit Team. Dkt. 57 at 4; dkt. 50 at 2.

The Court has considered Section 1B1.13 for guidance in evaluating whether Mr. Robbins has presented extraordinary and compelling reasons to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). It concludes that he has not. While the Court sympathizes with Mr. Robbins's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). As such, this Court has consistently denied motions for compassionate release from defendants—like Mr. Robbins—who are not at an increased risk of developing severe symptoms if they contract COVID-19, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, No. 1:14-cr-67-SEB-DML, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases). Mr. Robbins is not incarcerated in a hotspot for COVID-19 infections, making his case even less extraordinary and compelling than those in which the Court has denied relief.

Mr. Robbins is also to be commended for maintaining a good record while incarcerated and completing the programming required of him. But rehabilitation alone cannot be an extraordinary and compelling reason warranting a sentence reduction. *See* 28 U.S.C. § 994(t).

Given the Court's determination that Mr. Robbins has not shown extraordinary and compelling reasons to justify his release, it does not need to decide whether he poses a danger to the community or whether the § 3553(a) factors weigh in favor of his release.

## IV. Conclusion

For the reasons stated above, Mr. Robbins's motions for compassionate release, dkts. [50, 57], are **denied**.

**SO ORDERED.**

Date: 8/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Aaron Robbins
Reg. No. 10569-028
FCI Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

All Electronically Registered Counsel